2012 ND 206

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Blake D. HANKEY, A Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Blake D. Hankey, Respondent.

No. 20120304.

Supreme Court of North Dakota.

Oct. 15, 2012.

REPRIMAND ORDERED.

PER CURIAM.

[¶ 1]   The Court has before it Findings of Fact, Conclusions of Law, and Recommendations by the Hearing Panel of the Disciplinary Board recommending Blake D. Hankey be reprimanded for violations of the North Dakota Rules of Professional Conduct.   We adopt the findings of fact, conclusions of law, and recommendations of the hearing panel, except the finding that Hankey did not violate N.D.R. Prof. Conduct 8.4(c).   We conclude there is clear and convincing evidence Hankey violated N.D.R. Prof. Conduct 1.7(a) and N.D.R. Prof. Conduct 8.4(c), and we reprimand Hankey.

[¶ 2]   Blake D. Hankey was admitted to practice law in the state of North Dakota on May 5, 2005, and is currently licensed to practice law in the courts of North

Dakota. Hankey was served a Summons and Petition for Discipline and submitted an answer. The Petition alleged that Hankey undertook dual representation of an alleged perpetrator and alleged victim of the crimes of aggravated assault and terrorizing. Both executed a single retainer agreement. Due to a no-contact order between the clients, the alleged victim signed in Hankey's office and the alleged perpetrator signed at the correctional center. When communicating with the Assistant State's Attorney regarding the alleged perpetrator's case, Hankey did not inform her that he also represented the alleged victim. When she learned of the dual representation, she confronted Hankey about what she perceived was a conflict of interest. Hankey falsely told her that he had cleared any conflict with his law partners. The Petition also alleged that Hankey had the clients execute a waiver of the conflict of interest. The Petition alleged that the conflict of interest was nonconsentable because the clients' interests were inescapably adverse.

[¶ 3] The Petition alleged that Hankey's conduct in this matter violated N.D.R. Prof. Conduct 1.7(a), Conflict of Interest, which provides that a lawyer shall not represent a client if the lawyer's ability to consider, recommend, or carry out a course of action on behalf of the client will be adversely affected by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests; N.D.R. Lawyer Discipl. 1.2(A)(3), which provides that a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and N.D.R. Prof. Conduct 8.4(c), Misconduct, which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer.

[¶ 4] A Hearing Panel was appointed, and the matter was scheduled for a hearing. Following a hearing, the Hearing Panel made findings of fact, conclusions of law, and recommendations, which were forwarded to this Court on July 27, 2012. The Hearing Panel found that Hankey's conduct violated N.D.R. Prof. Conduct 1.7(a), in that Hankey represented one client whose interests were unescapably adverse to another client because they were alleged perpetrator and alleged victim of crimes and because he took steps that were adverse to each of the respective clients. The Panel found that Hankey did not violate N.D.R. Lawyer Discipl. 1.2(A)(3) and N.D.R. Prof. Conduct 8.4(c), because his admittedly false statement that he had cleared the conflict of interest with his partners did not affect the analysis, because his admittedly false statement that he had cleared having the alleged victim as a client with his partners did not help him in any way and should not have mattered at all to the Assistant State's Attorney. The Panel also found that Hankey did not have an ethical duty to disclose the victim's status as a client prior to being asked about it by the Assistant State's Attorney.

[¶ 5] In recommending a sanction, the Hearing Panel considered the following aggravating factors:

N.D. Stds. Imposing Lawyer Sanctions 9.22(b), a selfish motive;

N.D. Stds. Imposing Lawyer Sanctions 9.22(f), submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

N.D. Stds. Imposing Lawyer Sanctions 9.22(g), refusal to acknowledge wrongful nature of conduct; and

N.D. Stds. Imposing Lawyer Sanctions 9.22(h), vulnerability of victim.

The Hearing Panel considered the following mitigating factors:

N.D. Stds. Imposing Lawyer Sanctions 9.32(a), absence of a prior disciplinary record;

N.D. Stds. Imposing Lawyer Sanctions 9.32(g), character or reputation; and

The testimony of the clients that they were satisfied with Hankey's representation and did not feel his actions injured them in any way.

The Hearing Panel considered sanctions outlined in N.D. Stds. Imposing Lawyer Sanctions 4.3 and 5.1. Specifically, the Panel considered N.D. Stds. Imposing Lawyer Sanctions 4.33, which provides that reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client, and N.D. Stds. Imposing Lawyer Sanctions 5.13, which provides that a reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice.

[¶ 6] The Hearing Panel recommended that as a sanction for violation of N.D.R. Prof. Conduct 1.7(a), Hankey be reprimanded and pay the costs and expenses of the disciplinary proceedings in the amount of $7,160.26 within 30 days of the judgment, payable to the Secretary of the Disciplinary Board.

[¶ 7] Objections to the Findings, Conclusions, and Recommendation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 8] We disagree with the Hearing Panel's finding that Hankey did not violate N.D.R. Prof. Conduct 8.4(c). We conclude there is clear and convincing evidence Hankey violated Rule 8.4(c), because he admitted making a false statement that he had cleared the conflict of interest with his partners. Furthermore, the Hearing Panel apparently considered Rule 8.4(c), regarding conduct involving dishonesty, fraud, deceit, or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer, when it applied N.D. Stds. Imposing Lawyer Sanctions 5.13, which provides that a reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice. We accept the recommended sanction of a reprimand for the violations of N.D.R. Prof. Conduct 1.7(a) and N.D.R.Prof. Conduct 8.4(c).

[¶ 9] ORDERED, that Blake D. Hankey is REPRIMANDED.

[¶ 10] IT IS FURTHER ORDERED; that Blake D. Hankey pay the costs of the disciplinary proceeding in the amount of $7,160.26 within 30 days of the judgment, payable to the Secretary of the Disciplinary Board.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.